## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MATTHEW ORVILLE JONES,     )
                                           )

    Plaintiff,            )
                                           )

v.                                    )

                                         )      **Case No. CIV-20-746-SM**

ANDREW M. SAUL,           )
COMMISSIONER OF SOCIAL     )
SECURITY,             )
                                         )

    Defendant.          )

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. 2. This matter has been assigned to the undersigned Magistrate Judge consistent with General Order 16-4.

The filing fee in civil cases is presently $400.00.[1] Under 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Grimes v. TCF Bank*, 769 F. App'x. 659, 660 (10th Cir. 2019) (reviewing a district court order denying an IFP application for an abuse of discretion); *Cabrera v. Horgas*, 1999 WL 241783 at \*1 (10th Cir. 1999) ("The decision to grant or deny in forma pauperis [IFP] status under § 1915 lies within the sound discretion of the trial

---

[1] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted).

Plaintiff has filed an appeal of the Social Security Commissioner's final decision. *See* Doc. 1. Plaintiff is not a prisoner, and therefore the special concerns attendant to prisoner cases do not exist.

The Court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). Among the factors a district court should consider is the degree to which the movant's monthly income exceeds his monthly obligations. *See id.*; *Brewer,* 24

F. App'x at 979 (holding that litigant whose "monthly income exceed[ed] his monthly expenses by a few hundred dollars" according to his own accounting, appeared to have sufficient income to pay filing fees, and thus was not entitled to IFP status); *Westgate v. Astrue*, No. 08-4136-JAR, 2008 WL 5110906 at *1 (D. Kan. 2008) (denying IFP motion where "total monthly income from all sources exceed[ed] [the plaintiff's] monthly expenses by $364.00" and therefore, the plaintiff "would be able to pay the filing fee in th[e] case by using his discretionary income from one month").

Plaintiff is not employed but receives $1,330.00 a month in Social Security payments. Doc. 2, at 2. He has no money in a checking or savings account, and he owns nothing of value. *Id.* at 3. His monthly expenses include $600.00 (food), $100.00 (medicine), $150.00 (insurance), $100.00 (gasoline), and $350.00 (utilities), amounting to $1,300 a month. *Id.* He has no dependents, and lists no other financial obligation. *Id.*

The Court believes that Plaintiff has limited income, but his monthly income still exceeds his monthly expenses. "While this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend, []he does appear to have discretionary income and/or assets. It appears that []he has the ability to spend h[is] discretionary funds on filing fees if []he desires." *Lewis v. Ctr. Mkt.*, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010). "[W]here discretionary income is sufficient to pay the filing

3

fee even in a case where total expenses exceed total income, denial of an [IFP] motion is appropriate." *Scherer v. Merck & Co.*, 2006 WL 2524149, at *1 (D. Kan. Aug. 24, 2006).

Based on Plaintiff's motion, the Court finds that Plaintiff "has sufficient [income and] assets to warrant the requirement . . . that fees be paid." *Wasko v. Silverberg,* 180 F. App'x 34, 35 (10th Cir. 2006). Plaintiff appears "able to pay the filing fee in monthly payments" and is able "to live off of and to take care of his day to day needs." *Holmes v. GPM Se., LLC*, No. CIV-19-684-F, 2019 WL 4280676, at *1 (W.D. Okla. Aug. 19, 2019) (internal quotation omitted), *adopted*, 2019 WL 4280053 (W.D. Okla. September 10, 2019); *see also Peterson v. Comm'r of Soc. Sec.*, No. CIV-18-1077-SM, 2018 WL 6424793, at *1-2 (W.D. Okla. Nov. 2, 2018) (recommending $25.00 monthly payments where applicant's monthly expenses totaled $1838.00 and monthly income was $1,900.00), *adopted*, 2018 WL 6422471 (W.D. Okla. Dec. 6, 2018); *Goans v. Comm'r of Soc. Sec.*, 2018 WL 4232235, at *1 (W.D. Okla. Aug. 10, 2018) (recommending $25.00 monthly payments where applicant's monthly expenses totaled $2,722.11, her income was $2,728.96, and she had $20.11 in a bank account), *adopted*, 2018 WL 4224905 (W.D. Okla. Sept. 4, 2018).

The undersigned recommends the Court deny in part Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. 2. The undersigned recommends Plaintiff make $50.00 monthly payments.

Plaintiff shall make the first $50.00 payment to the district court clerk on the date determined by the district court judge. Thereafter, Plaintiff shall pay $50.00 on or before the first day of each month.

Failure to pay the filing fee as directed could result in this matter being dismissed under the Federal Rules of Civil Procedure. The Clerk of Court shall not issue process until at least $100.00 has been paid toward the filing fees in this matter.

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court **on or before August 24, 2020**. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 3rd day of August, 2020.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE