## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MATTHEW ORVILLE JONES,           )
                                 )
                Plaintiff,       )
                                 )
v.                               )          Case No. CIV-20-746-SLP
                                 )
KILOLO KIJAKAZI, ACTING          )
COMMISSIONER OF SOCIAL           )
SECURITY,                        )
                                 )
                Defendant.       )

## O R D E R

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Suzanne Mitchell [Doc. No. 38]. Plaintiff filed a timely Objection [Doc. No. 39] which gives rise to this Court's obligation to conduct a *de novo* review of those portions of the R&R to which Plaintiff makes specific objection. Having conducted this review, the Court finds as follows.

Plaintiff filed this action seeking a review of the final decision of the Defendant Commissioner that he was not disabled for purposes of the Social Security Act. He filed his application for disability benefits on May 14, 2018, alleging an onset date of April 2, 2018, due to "back problem, hip problem, high blood pressure, leg problems." [AR 162][1]. His application was denied initially and on reconsideration. At Plaintiff's request the administrative law judge (ALJ) conducted a hearing. Following the hearing, the ALJ applied the appropriate five-step sequential analysis and concluded that although Plaintiff

---

[1] The Social Security Administration Record is on file at Doc. No. 21. Reference to specific pages are to the record page number, not the ECF page number.

had severe medically determinable impairments—specifically osteoarthritis and allied disorders and obesity—he could perform jobs that exist in significant numbers in the national economy. Accordingly, although Mr. Jones could not perform his past relevant work, he was not disabled. The Appeals Council then denied Plaintiff's request for review. Plaintiff thereafter filed this action seeking reversal of the ALJ's decision. In his Objection to the R&R Plaintiff raises two specific arguments: first, that the ALJ's analysis of his residual functional capacity is not supported by substantial evidence because the ALJ improperly evaluated the opinion evidence of Plaintiff's medical source, Dr. Hollrah. Second, Plaintiff complains that the ALJ failed to conduct the analysis required by SSR 96-8, which mandates a function-by-function analysis.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). The Supreme Court interprets "substantial evidence" to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This Court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). However, the Court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951).

2

The focus of both of Plaintiff's objections to the R&R relates to the ALJ's assessment of his residual functional capacity, that is "those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). Here the ALJ concluded that Mr. Jones "has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except the individual can occasionally stoop, crouch, and kneel." [AR 17-18]. In assessing a claimant's residual functional capacity, the ALJ must consider all relevant evidence, including the medical opinions of the treating, examining and non-examining medical sources.

Plaintiff's file contains little medical evidence. However, he saw David Hollrah, M.D. beginning in June 2018. At his first visit he complained primarily of hypertension, although the treatment notes indicate chronic right-sided low back pain with right-sided sciatica. [AR 284-86]. Plaintiff returned to Dr. Hollrah on June 28, 2018 after an MRI, ostensibly to discuss its results. [AR 87-88]. Unfortunately, the MRI results are not in the record, nor do the treatment notes from that date indicate the results. On July 25, 2018, Plaintiff returned to Dr. Hollrah for completion of his disability paperwork. [AR 289]. The treatment notes indicate that Plaintiff "continues to have daily pain and has trouble getting through a work day due to this pain. His MRI has shown several areas of stenosis and degenerative disc disease." [AR 289]. In the "Physical Assessment" completed that day Dr. Hollrah opined that Plaintiff could walk a block without rest or significant pain and that he could sit for one hour per day and stand/walk for a one-hour period. [AR 280]. Dr. Hollrah theorized Plaintiff would need a ten-minute break every half hour and that he could

3

never lift any amount of weight. He also indicated that Plaintiff could not use either hand to grasp, turn or twist objects. [AR 280]. This assessment is the only assessment of Plaintiff's abilities in the record other than testimony received from Plaintiff at the hearing.[2]

In Social Security cases the initial administrative determination usually contains some assessment of a claimant's limitations and abilities. Here, however, because Plaintiff ignored repeated requests to return such forms, including those indicating his activities of daily living, and in the absence of significant medical records, the examiners concluded that the file was "insufficient to establish the severity of claimant's physical capabilities." [AR 54]. Two of the Disability Determination Explanations indicate "physical insufficient evidence to rate." [AR 56, 63]. On reconsideration the documentation shows that "[claimant] action and cooperation were needed to make an assessment of allegations, determine functional limitations and degree of credibility, and/or need for further development. As such, there is currently insufficient evidence to establish disability." [AR 72, 80].

The Court finds that this case should be remanded to the Commissioner because, as argued by Plaintiff, the ALJ essentially rejected all of the opinion evidence, finding it either "non-persuasive" or "less persuasive," thereby leaving him without a basis for crafting a residual functional capacity and without evidence to support his conclusion that Plaintiff could perform medium work. Under the relevant regulations the ALJ assesses the

---

[2]  Despite repeated attempts by the Commission to contact Plaintiff regarding his ADL forms, Plaintiff never submitted the forms.

persuasiveness of a medical source opinion based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examination and any treatment relationship; (4) specialization; and (5) other factors such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical evidence. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The ALJ must address supportability and consistency, and is not required to address the other factors, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Plaintiff complains that neither the ALJ nor the Magistrate Judge adequately addressed why Dr. Hollrath's opinions were not supported, their analysis focusing on the consistency prong but omitting the second mandatory factor.[3]

The ALJ concluded that the opinion of Dr. Hollrah "limiting the claimant to less than sedentary work, and lifting no weight is non-persuasive." [AR 22]. With regard to the opinions of the State agency medical consultants, Drs. David Coffman and Nabeel Uwaydah, the ALJ found that their opinions were "less persuasive" because they were inconsistent with certain unidentified medical evidence, and those physicians did not have the benefit of the entire record. [AR 22]. These "less persuasive" opinions were that the evidence was insufficient to establish any limitations because Mr. Jones failed to submit certain documentation despite repeated requests for such. Neither consultant opined that

---

[3] For supportability, "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

Plaintiff did not have such limitations.

In the R&R Judge Mitchell noted her concern with the ALJ's RFC finding due to lack of evidence. Citing *Todd v. Colvin*, No. 13-1023, 2014 WL 943097, *5 (D. Kan. Mar. 11, 2014), Judge Mitchell concluded that Plaintiff's failure to cooperate, especially when considered in conjunction with counsel's failure to request a consultative examination, was sufficient to support the ALJ's conclusion as to Plaintiff's residual functional capacity.[4] The Court agrees that a lack of cooperation can provide a basis for rejection of a claimant's credibility or in some cases the denial of the claim for benefits. However, because the social security administrative process is non-adversarial and the ALJ is obligated by the regulations to develop the record even where a claimant is represented by counsel, the ALJ is further obligated to ensure he has sufficient information to support his findings. Moreover, although the ALJ twice noted that Mr. Jones failed to return the ADL forms, his opinion did not rely on this failure as a basis for concluding that Plaintiff was not disabled.

The ALJ was presented with a single substantive opinion indicating limits on Plaintiff's work-related abilities and he rejected that evidence by concluding that Dr. Hollrah's opinion was "unpersuasive." As a result, the only other evidence of Plaintiff's limitations was his testimony at the October 10, 2019 hearing. Plaintiff testified that he could not walk for more than a couple of blocks or stand for more than five minutes without hip and back problems, and that sitting was uncomfortable. [AR 39] He testified that he cannot lift a five-pound bag of potatoes or carry a gallon of milk from the car to the house.

---

[4] In *Todd*, in addition to failing to return certain forms, the claimant failed to appear at a scheduled consultative exam.

[AR 44]. From this evidence the ALJ concluded that Plaintiff could perform medium work, defined by the regulations (c) as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) and 416.967(c). The conclusion is simply not supported by substantial evidence.

Judge Mitchell correctly notes that the ALJ is tasked with resolving any conflicts between Dr. Hollrah's opinions and those of the state agency physicians. Here, however, there was no conflict because the state agency physicians concluded that they lacked sufficient evidence to assess Plaintiff's limitations and abilities. The ALJ did not pick a middle ground, rather he chose what appears to be an arbitrary set of limitations. Furthermore, although the ALJ could have cited Plaintiff's failure to cooperate as a basis for denying benefits or concluding that Plaintiff was not credible, that lack of cooperation did not provide the evidence from which the ALJ could assign the residual functional capacity he chose.

Having concluded that Plaintiff is entitled to remand on his first argument the Court need not address his second contention.

IT IS THEREFORE ORDERED that the Court DECLINES TO ADOPT the Report and Recommendation [Doc. No. 38].

IT IS FURTHER ORDERED that this case be remanded to the Commissioner for additional proceedings.

IT IS SO ORDERED this 7th day of June 2022.

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**